```
                                                    FILED
                                              U.S. DISTRICT COURT

                                              2014 JAN -7  A 10: 00

**BARNEY McKENNA & OLMSTEAD, P.C.**           DISTRICT OF UTAH
M. ERIC OLMSTEAD, 7591                        BY:_____
DAVID L. ELMONT, 9640                            DEPUTY CLERK
```

BARNEY McKENNA & OLMSTEAD, P.C.
M. ERIC OLMSTEAD, 7591
DAVID L. ELMONT, 9640
43 South 100 East, Suite 300
St. George, Utah 84770
Telephone: (435) 628-1711
Fax: (435) 628-3318
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| RAMON K. JOHNSON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CHARTWAY FEDERAL CREDIT UNION, d/b/a SOUTHWEST COMMUNITY CREDIT UNION, a Virginia corporation,<br><br>Defendant. | **COMPLAINT**<br><br>Case: 2:14-cv-00008<br>Assigned To : Warner, Paul M.<br>Assign. Date : 1/7/2014<br>Description: Johnson v. Chartway Federal Credit Union |

For his complaint against defendant Chartway Federal Credit Union d/b/a Southwest Community Credit Union ("Defendant"), plaintiff Ramon K. Johnson ("Plaintiff") alleges as follows:

### PARTIES JURISDICTION AND VENUE

1. Plaintiff is an individual residing in Washington County, Utah.

2. Upon information and belief, Defendant is a Virginia corporation and federally chartered credit union with its principal place of business in Virginia Beach, Virginia.

3. Defendant transacts business in the State of Utah under the name (among others) of Southwest Community Credit Union ("Southwest"), operating multiple credit union branches in Washington County and other locations within the State of Utah.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1334 because Plaintiff's cause of action arises under the laws of the United States, specifically Title 11, and because this case is between citizens of different states where the amount in controversy exceeds $75,000.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## GENERAL ALLEGATIONS

6. On or about September 28, 2009, Plaintiff filed for Chapter 7 bankruptcy in the District of Utah.

7. Prior to Plaintiff's bankruptcy filing, Southwest had filed suit against Plaintiff in Utah state court. Southwest received notice of Plaintiff's bankruptcy filing by mail sent on or about October 16, 2009.

8. On or about January 14, 2010, Plaintiff obtained a bankruptcy discharge, which included the debt claimed by Southwest that was the subject of its 2009 state court action.

9. Prior to the discharge, however, on or about January 6, 2010 Southwest obtained a judgment against Plaintiff in the state court action.

10. Southwest's judgment, which was obtained in violation of the automatic stay, caused injury to Plaintiff in the form of denied and/or more costly credit and other economic harm later in 2011 and/or 2012.

11. Upon information and belief, that economic harm was directly caused by the judgment entered against Plaintiff and was not due to Plaintiff's bankruptcy filing.

12. As a result of the credit denial, Plaintiff was delayed in his ability to obtain credit and, upon information and belief, suffered in excess of $75,000 in damages as a result of having to obtain more expensive credit, retain counsel, and undertake actions, including bringing the present action, to undue the impact of Southwest's improper judgment, among other economic harm.

## FIRST CLAIM FOR RELIEF
### (Willful Violation of Automatic Stay—11 U.S.C. § 362(k)(1))

13. Plaintiff incorporates by reference his allegations in the preceding paragraphs as if fully set forth herein.

14. Defendant willfully acted in violation of the automatic stay in obtaining a judgment against Plaintiff after having received notice of Plaintiff's bankruptcy filing.

15. As a result of Defendant's willful violation of the automatic stay, Plaintiff was injured by an initial inability to obtain credit, by later being forced to pay more in order to obtain credit, and by being forced to retain counsel in order to undue the impact of Defendant's improperly-obtained judgment, among other economic harm.

WHEREFORE, Plaintiff prays for general damages in an amount to be proved at trial, for prejudgment interest, costs and reasonable attorneys' fees in an amount to be proved at trial, for punitive damages in an amount to be proved at trial, and for such other and further relief as the Court deems appropriate.

DATED this 6th day of January 2014.

BARNEY McKENNA & OLMSTEAD, P.C.

_____
DAVID L. ELMONT
M. ERIC OLMSTEAD
*Attorneys for Plaintiff*